

**THE ATTORNEY GENERAL**

**OF TEXAS**

Austin 11, Texas

WAGGONER CARR
ATTORNEY GENERAL

September 30, 1965

Honorable Ralph Prince
County Attorney
Box 2403
Longview, Texas

Opinion No. C-517

Re: Whether the Commissioners
Court may, acting under the
provisions of Article 4494(L),
V.C.S., lease the county
hospital for a 99 year term
with the express agreement
that the lessee may encumber
the land, existing buildings,
and equipment for substantial
improvements thereto, includ-
ing the construction of new
buildings and the purchase of
new equipment.

Dear Sir:

You have requested an opinion of this office on the
following question:

"May the Commissioners Court, acting under
the provisions of Article 4494 (L) R.C.S., lease
the county hospital for a 99 year term with the
express agreement that the lessee may encumber
the land, existing buildings, and equipment for
substantial improvements thereto, including the
construction of new buildings and the purchase
of new equipment?"

In 1959, you requested an opinion of this office
(WW-630) as to whether the Commissioners Court of Gregg County
had the authority under Article 4494 (L), Vernon's Civil Statutes,
to lease the county hospital. While answering your request
in the affirmative, our office pointed out that in the proposed
lease contract:

". . . .the county does not lend its credit
or become a stockholder in or subscriber to the
capital of the lessee and does not enter upon a
joint venture with said lessee since control over
the management and operation of the hospital is
ceded to the lessee, all debts of the hospital

-2429-

are avoided by the county, and it is held safe
for any liability which might arise from the
operation of the hospital. . . ."

The proposed lease in the present instance would allo
the lessee to encumber the county's property and in case of
default of the lessee leave the county liable to the lien holde
Therefore, the lease in effect pledges the credit of the county
this contravenes Article III, Sections 50 and 52 of the Consti-
tution of the State of Texas.

Further, as also noted in Opinion WW-630:

". . .No appropriation of public funds to
charitable or non-charitable organizations managed
and operated or controlled by private individuals
can be made by a Commissioners' Court. Tex.Const.
Art. III, Sec. 50, Sec. 51 and Sec. 52; Tex.Const.
Art. VIII, Sec. 3; and Tex.Const. Art. XVI, Sec.
6. Upon the lease of the hospital it will, of
course, cease to be a legitimate recipient of
county funds."

The Commissioners' Court is a court of limited juris-
diction and has only such powers as are conferred upon it by
statutes and the Constitution by express terms or by necessary
implication. Childress County v. State, 127 Tex. 343, 92 S.W.2
1011 (1936); Von Rosenberg v. Lovett, 173 S.W. 508 (Tex.Civ.App
1915, error ref.); Roper v. Hall, 280 S.W. 289 (Tex.Civ.App.
1925). However, the Commissioners' Court has no statutory
authority to encumber the property through liens. Under the
proposed lease, the Commissioners' Court would allow the lessee
to encumber the land, existing buildings, and equipment of the
hospital. In Opinion No. 0-47, this department held that:

". . .The Commissioners' Court, having no
power except that specially conferred by the
Constitution and statutes passed pursuant
thereto, would have no power to enter into any
contract for the building and maintenance of a
hospital, the title to which would be held in
any manner contrary to the principal provisions
of Article 4478."

Article 4478 provides:

". . .At intervals of not less than twelve
months, ten per cent of the qualified property

tax paying voters of a county may petition such court to provide for the establishing or enlarging of a county hospital, in which event said court within the time designated in such petition shall submit to such voters at a special or regular election the proposition of issuing bonds in such aggregate amount as may be designated in said petition for the establishing or enlarging of such hospital. . . . ."

In Opinion No. O-6433, this department held:

"The legislature has authorized counties to create 'debts' within the meaning of the constitution by authorizing the issuance of bonds and time warrants, and we are unable to find any legal means by which a commissioners' court may obligate the tax revenues of the county for a future year other than by complying with the statutory provisions as to the issuance of bonds and/or time warrants."

And further:

"It is our opinion that the contract of sale for the hospital equipment is not in conformity with the statutory provisions pertaining to the creation of a debt against the county. We know of no constitutional or statutory provision authorizing the creation of an obligation against the county out of the revenues of future years by means of vendor's lien notes, bearing a stipulated rate of interest."

Since, in this instance, the Commissioners' Court may not bind the county other than by duly voted bonds and/or time warrants and may not encumber county property with liens, the Commissioners' Court may not by lease agree to allow the lessee to do indirectly that which the court could not do directly. In answer to your question it is the opinion of this office that since the Commissioners' Court may not encumber the land, existing buildings, and equipment of the hospital through liens, the county's lessee may not be granted the right to so encumber the property.

## SUMMARY

The Commissioners' Court may not make an express agreement to lease a county hospital which lease would allow the lessee to encumber the land, existing buildings, and equipment for substantial improvements thereto, including the construction of new buildings and the purchase of new equipment. Such a condition would be unconstitutional under Article III, Sections 50 and 52, Texas Constitution, and in contravention of Article 4478. Further, the Commissioners' Court is given no authority to create debts for the establishing or enlarging of a hospital in any manner other than by time warrants and/or bonds which have been duly voted upon by the property holders of the county, and, therefore, the Commissioners' Court may not allow the lessee to encumber the property through liens.

Very truly yours,

WAGGONER CARR
Attorney General

By

Wade Anderson
Assistant

WA:ml

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Pat Bailey
Allo Crow
Paul Phy
Vince Taylor

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright